STATE OF CONNECTICUT *v.* JAMES J. MORRISSEY
(13793)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued May 1—decision released August 7, 1990

---

*William F. Dow III,* with whom were *Steven D. Ecker* and, on the brief, *Ira B. Grudberg,* for the appellant (defendant).

*Geoffrey E. Marion,* assistant state's attorney, with whom, on the brief, were *John J. Kelly,* chief state's attorney, and *John M. Bailey,* state's attorney, for the appellee (state).

PER CURIAM. The sole issue in this appeal is whether, under article first, § 7, of the Connecticut constitution, evidence may be introduced at trial that results from a search conducted, in good faith, on the basis of a warrant unsupported by probable cause. The state charged the defendant, James J. Morrissey, with possession of cocaine with intent to sell, possession of drug paraphernalia, and possession of marihuana, in violation of General Statutes §§ 21a-277 (a), 21a-267 (a) and 21a-279 (c), respectively. The defendant filed a motion to suppress evidence and dismiss the information which, after a hearing, the trial court granted. The state obtained permission to appeal to the Appellate Court, which held that the suppressed evidence might be admissible, and remanded the case for further trial court proceedings. *State* v. *Morrissey,* 18 Conn. App. 658, 560 A.2d 471

(1989). We granted the defendant's petition for certification; *State* v. *Morrissey,* 212 Conn. 821, 565 A.2d 541 (1989); and now reverse.

The Appellate Court in its decision addressed two issues arising out of the nonconsensual search of the defendant's apartment. That search uncovered the evidence that led initially to the defendant's arrest and ultimately to his prosecution upon the charges presently at issue. *State* v. *Morrissey,* supra, 18 Conn. App. 661. The court first concluded that the trial court had correctly determined the insufficiency of the affidavit supporting the search warrant upon which the police relied in undertaking their search. Id., 663–64. Like the trial court, the Appellate Court concluded that the affidavit failed to contain sufficient information to enable the issuing magistrate to evaluate the basis for the informant's knowledge with respect to the alleged narcotics. Id. Contrary to the trial court, however, the Appellate Court concluded that, despite the insufficiency of the affidavit, the state could rely on a good faith exception to the exclusionary rule as a basis for introducing the disputed evidence at trial. Id., 664. The Appellate Court remanded the case for a factual determination of whether the state could meet its burden of proving that the police officer's reliance on the defective warrant was objectively reasonable. Id., 658.

This court granted the defendant's petition for certification limited to the following issue: "Did the Appellate Court err in remanding this case for a factual determination concerning the reasonableness of the police officer's search in reliance upon its decision in *State* v. *Brown,* 14 Conn. App. 605, holding that there is a good faith exception to the exclusionary rule under article first, § 7, of the Connecticut constitution?" *State* v. *Morrissey,* supra, 212 Conn. 821. In *State* v. *Marsala,* 216 Conn. 150, 171, 579 A.2d 58 (1990), we have concluded that the Connecticut constitution does

not authorize a good faith exception to the exclusionary rule. That holding is entirely dispositive of the issue certified in this case.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.