[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff appeals the suspension of her motor vehicle operator's license for operating under the influence of alcohol in violation of General Statutes § 14-227b.
The Plaintiff was observed, by a Connecticut State Trooper, operating a motor vehicle erratically on I-84 (a public highway) on November 24, 1996 at approximately 1:52 a.m. The officer stopped the Plaintiff's car by activating his emergency take down lights. After checking the Plaintiff's license and registration, the officer requested that Plaintiff exit her vehicle and perform field sobriety tests. The Plaintiff failed the field sobriety tests. The officer noticed an odor of alcohol on Plaintiff's breath during testing. The officer arrested Plaintiff because of the erratic operation of the vehicle, the observed odor of alcohol and her performance on field sobriety tests.
On appeal the Plaintiff raises a narrow issue, challenging the right of the officer to request a field sobriety test on the facts of this case. CT Page 5180
In State v. Lamme, 216 Conn. 172, 184 (1990) it was established that a "brief investigatory detention" requires only that the police have a "reasonable and articulable suspicion" that a person has committed or is about to commit a crime.
Probable cause is not required for the investigatory detention. The Plaintiff does not dispute that the test results, odor of alcohol and erratic operation constitute probable cause. The Plaintiff only disputes the officer's reasonable and articulable suspicion to request field sobriety tests.
Plaintiff seeks to distinguish State v. Lamme, supra, on its facts. Not surprisingly the factual scenarios differ. The operator in Lamme, was operating at night without lights; and the officer detected the odor of alcohol before the sobriety tests commenced. Here the officer had only the erratic operation and the hour (1:52 a.m.) of operation; to form the basis of the reasonable suspicion.[1]
The court finds, despite the factual differences, thatState v. Lamme controls. The holding of that case is found at 216 Conn. 184:
 Balancing the circumscribed nature of a Terry [Terry v. Ohio, 392 U.S. 1, 20-22 (1968)] stop intrusion against the serious risks of criminal behavior, especially in the context of the risks associated with driving while under the influence of intoxicating liquor. [Footnote 8. We note that the timely intervention of the police in this case may well have saved the defendant from facing much more serious charges, as well as possible injury to himself.] we are persuaded that the defendant's brief detention did not violate his due process rights.
Erratic operation of a motor vehicle certainly is the basis for a motor vehicle stop. It may also create reasonable suspicion that the crime of operating under the influence of alcohol has been committed. The officer may make a brief investigatory detention to further his investigation. That investigation typically may take the form of questions to ascertain if the operator is under the CT Page 5181 influence and may also include field sobriety tests. The operator is not required to submit to such examination.[2]
An operator of a motor vehicle may be requested to take field sobriety tests if her operation of such vehicle raises a reasonable suspicion of operation under the influence of alcohol. In the instant case the trooper observed the vehicle swerving onto the breakdown lane two or three times. Such erratic operation may be caused by factors other than alcohol consumption; but alcohol consumption is certainly a reasonable suspicion. The Plaintiff was not compelled to participate in the field sobriety tests. Such tests are a more extensive process but analogous to the interview technique of investigation. Just as the odor of alcohol, admission of excess consumption and observation of alcohol may create a reasonable suspicion; so too can the erratic operation of a motor vehicle.
Neither the Connecticut nor Federal Constitutions require probable cause for a brief investigatory detention.State v. Lamme, supra at 216 Conn. 185; Terry v. Ohio,392 U.S. 1, 20-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); UnitedStates v. Henley, 469 U.S. 221, 227, 105 S.Ct. 675,83 L.Ed.2d 604 (1985); State v. Aillon, 202 Conn. 385, 398-402
(1987); and State v. Carter, 189 Conn. 611, 617-18 (1983).
The appeal is dismissed.
Robert F. McWeeny, J.